UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHANNA BARKSDALE,

                            Plaintiff,

                                                    **DECISION AND ORDER**
                                                    09-CV-1034A

            v.

GLOBAL CHECK AND CREDIT
SERVICES, LLC,

                            Defendant.

## INTRODUCTION

Plaintiff Johanna Barksdale filed a complaint in this case on December 7, 2009, accusing defendant Global Check and Credit Services, LLC of multiple violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.  Plaintiff served defendant with a summons and complaint, but defendant failed to answer or appear.  On June 24, 2010, plaintiff filed a motion for default judgment seeking statutory damages along with costs and fees.  Given the allegations that defendant is deemed to have admitted by default, and given the itemization of costs and fees that plaintiff has submitted, the Court awards damages along with costs and fees as described below.

**BACKGROUND**

This case concerns defendant's conduct in attempting to collect on an alleged consumer debt. Because defendant did not appear in the case, and because the complaint does not contain a lot of background information, details concerning this debt are not available to the Court except that plaintiff denies owing the debt. Nonetheless, the complaint does allege that defendant continually called plaintiff demanding payment. During these calls, according to the complaint, defendant threatened plaintiff with legal action that was not taken; threatened to come to plaintiff's house to serve her and her mother with a warrant, stating, "you should make yourself available, when we come to your house tomorrow so you can sign an affidavit and a warrant"; caused plaintiff to believe that she would be arrested; called plaintiff without disclosing that the calls were from a debt collector or without leaving a message in some instances; and continued to place calls to plaintiff's cell phone despite being told that the debt in question did not belong to plaintiff. Defendant's conduct also allegedly included abusive and harassing conduct and a failure to provide a debt validation letter.

In the course of these interactions with plaintiff, defendant allegedly committed numerous violations of the FDCPA, including the following: failure to provide debt validation information; failure to disclose identity; harassing and abusive conduct toward plaintiff; and threats to take legal actions, such as arrest,

imprisonment, seizure, garnishment, or attachment, that cannot legally be taken or were not intended to be taken.

Defendant never answered the allegations in the complaint, let alone within the time required by Rule 12 of the Federal Rules of Civil Procedure ("FRCP"). Accordingly, plaintiff requested an entry of default on March 17, 2010. The Clerk of the Court filed an entry of default on March 18, 2010. On June 24, 2010, plaintiff filed her motion for default judgment. In the motion, plaintiff did not request an evidentiary hearing and did not seek actual damages. Plaintiff instead sought statutory damages, actual costs, and attorney fees.

## DISCUSSION

### *Liability*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation. And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). Because defendant never answered or otherwise challenged the complaint, all allegations in the complaint are now deemed admitted. Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). The

3

Court thus must assess what an appropriate award might be, keeping in mind that plaintiff has not requested an evidentiary hearing or actual damages. Pursuant to FRCP 55(b)(2), the Court will exercise its discretion not to schedule an evidentiary hearing because of the straightforward nature of plaintiff's request for damages, costs, and fees.

### *Statutory Damages*

Section 1692k(a)(2)(A) of the FDCPA provides for statutory damages of up to $1,000 per plaintiff.  *See Also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a Court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") (citations omitted). Here, plaintiff seeks the maximum amount of statutory damages given the frequency and nature of defendant's harassing conduct.  "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C.  § 1692k(b)(1). In this case, defendant is deemed to have admitted to frequent communications that harassed plaintiff, including threats to take legal action without any intent to actually do so, and false threats of arrest.  Defendant's admissions include an admission that it did not provide required debt validation information.  Under

4

these circumstances, the Court finds that an award of statutory damages in the amount of $500 will suffice to address all of the allegations now deemed admitted.

### *Costs and Attorney Fees*

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The prevailing plaintiff in an FDCPA action is entitled to an award or reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded.  *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted).  As to how district courts should calculate attorney fees when such an award is appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. Of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award.").  The relevant community, in turn, is the district in which the court sits.  *Polk v, New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).
> Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005).  This inquiry may include judicial notice of the rates

awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id*. The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Aracara, *C.J.*).

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiff have submitted an itemization of hours spent on this case. Two corrections to the itemization are necessary. First, the itemization includes entries for Hanh Nguyen and Paulina Amerberg concerning e-filing of documents and leaving messages for plaintiff to obtain a signed verification for

6

her complaint. These entries are only clerical in nature. The Court will disregard them. Second, recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for paralegals.[1] *See, e.g., Dayton v. Ne. Fin. Solutions*, No. 09-CV-549, 2009 WL 4571819, at *3 (W.D.N.Y. Dec. 7, 2009) (Arcara, *C.J.*); *Clark v. Brewer, Michaels & Kane, LLC*, No. 09-CV-188, 2009 WL 3303716, at *3 (W.D.N.Y. Oct. 14, 2009) (Arcara, *C.J.*); *Berry v. Nat'l Fin. Sys., Inc.*, No. 08-CV-18, 2009 WL 2843260, at *6 (W.D.N.Y. Aug. 27, 2009) (Arcara, *C.J.*); *Miller v. Midpoint Resolution Group, LLC*, 608 F. Supp. 2d 389, 395 (W.D.N.Y. 2009) (McCarthy, *M.J.*). The Court will apply these hourly rates to the itemization of hours to arrive at the following calculations:

- 2.6 hours for Mike Agruss at $215 per hour, for a total of $559;

- 5.4 hours for Adam Hill at $180 per hour, for a total of $972; and

- 0.8 hours for paralegals at $50 per hour, for a total of $40.

    Total attorney and paralegal fees, accordingly, add up to $1,571.00.

---

[1] Plaintiff has cited extensively to consumer law attorney fee surveys to justify higher hourly rates. The Court rejects these citations because "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons*, 575 F.3d at 174 (2d Cir. 2009) (internal quotation marks and citation omitted). There is one exception to this rule that allows a higher rate, but to qualify, "a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Id.* at 175. Plaintiff has submitted no evidence qualifying her for that exception.

As adjusted, plaintiff's proposed fees appear reasonable. In assessing whether a reasonable, paying client looking to minimize expenses would be willing to pay for the hours claimed here, the Court bears in mind the provision of the FDCPA awarding attorney fees to successful litigants. Without that provision, a reasonable, paying client likely would not spend over $1,500 in fees to receive a $500 statutory damages award. Factoring in that provision, however, a reasonable, paying client likely would endorse the investment of time that counsel claim here. Counsel spent 8.8 hours litigating the entire case, an amount of time comparable to the 8.3 hours spent in *Dayton*. Where a debt collector fails to appear in an FDCPA case, meaning that judgment as to liability is assured and an award of attorney fees is likely, a reasonable, paying client likely would want counsel to prosecute the case to a successful resolution.

As for costs, plaintiff has requested $361.61 to compensate for filing and serving the complaint. The Court accepts this request as reasonable. All costs and fees thus amount to $1,932.61. Adding in the $500 award for statutory damages yields a total damages award of $2,432.61.

**CONCLUSION**

For all of the foregoing reasons, the Court awards plaintiff $500 in statutory damages and $1,932.61 in costs and fees, for a total of $2,432.61.

The Clerk of the Court is directed to close this case.

SO ORDERED.

_s/ Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 4, 2010